UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN H. E., JR., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )  No. 2:20-cv-00479-LEW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
|        Defendant | ) |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found that the plaintiff had no severe impairments of bipolar disorder and depression. The plaintiff seeks remand on the bases that the ALJ erred in (i) finding his mental impairments nonsevere based on a selective and inaccurate discussion of the evidence, (ii) discounting the opinions of a treating psychiatrist and treating psychologist who assessed mental limitations, (iii) relying on the opinions of two agency nonexamining consultants who found that the plaintiff's mental impairments were nonsevere, and (iv) impermissibly interpreting raw medical evidence. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 10) at 2-8. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2020, Finding 1, Record at 17; that he had the severe impairments of alcoholic hepatitis with ascites, substance use (alcohol) disorder, Osgood-Schlatter's disease of the left knee, and status-post left hand injury, Finding 3, *id.*; that he had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he could frequently, as opposed to constantly, handle and finger, occasionally climb ramps and stairs but never ladders, ropes, or scaffolds, occasionally balance, stoop, and crouch, never kneel or crawl, and never be exposed to dangerous machinery, hazardous heights, or excessive vibration, Finding 5, *id.* at 21; that he was capable of performing past relevant work as a Project Director, which did not require the performance of work-related activities precluded by his RFC, Finding 6, *id.* at 27; and that he, therefore, had not been disabled from February 16, 2018, his amended alleged onset date of disability, through the date of the decision, May 13, 2020, Finding 7, *id.* at 28. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). At this step, a claimant must first produce evidence that he has a medically determinable physical or mental impairment(s), which "must be established by objective medical evidence from an acceptable medical source" rather than symptoms, diagnoses, or medical opinions. 20 C.F.R. § 404.1521. When a claimant produces evidence of a medically determinable impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *McDonald*, 795 F.2d at 1124 (quoting Social Security Ruling 85-28).

### I. Discussion

The ALJ deemed the plaintiff's mental impairments nonsevere, explaining:

> The [plaintiff] testified he has mood swings, problems concentrating, and anger issues, requiring therapy, medication, and treatment with a psychiatrist. Yet, even when the [plaintiff] was hospitalized for . . . alcohol-induced hepatitis, his mental functioning was unremarkable. Throughout the record, the [plaintiff] himself acknowledged that his mental status improved with the cessation of alcohol. He generally reported that his mood improved with medication as well, and stated that he was doing well overall. [He] has reported that he continued to see a longtime therapist in order "to support his claim for mental health disability," and stated that "his highest priority" was "security disability so that he can keep his home."

Record at 18 (citations omitted). The ALJ found only mild limitations in the four areas of mental functioning assessed in determining the severity of mental impairments: understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. *See id*. at 18-20. She concurred with agency

nonexamining consultants Brian Stahl, Ph.D., on initial review and David Houston, Ph.D., on reconsideration that the plaintiff's mental impairments were nonsevere, deeming their opinions "generally consistent with the objective record as a whole[.]" *Id.* at 25. Finally, she found opinions of the plaintiff's treating psychiatrist John J. Huszonek, M.D., and treating psychologist Deborah Como-Kepler, Psy.D., that the plaintiff had disabling mental limitations unpersuasive for several reasons. *See id.* at 26.

The plaintiff contends that the ALJ erred in finding no severe mental impairment, criticizing her discussion at Step 2, her reliance on the Stahl and Houston opinions, and her rejection of the Huszonek and Como-Kepler opinions. *See* Statement of Errors at 2-8. However, as he acknowledges, *see id.* at 3-4, in this district, "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim[,]" *Bolduc v. Astrue,* Civil No. 09-220-B-W, 2010 WL 276280, at 4 n.3 (D. Me. Jan. 19, 2010).

The plaintiff argues that he makes this showing because the Huszonek and Como-Kepler opinions establish disability, aligning this case with *Priest v. Colvin*, No. 1:15-cv-00379-JHR, 2016 WL 7335583 (D. Me. Dec. 16, 2016), and *Plourde v. Colvin*, No. 1:12-cv-194-JAW, 2013 WL 1345519 (D. Me. Mar. 14, 2013) (rec. dec., *aff'd* Apr. 2, 2013). *See* Statement of Errors at 4. However, I conclude that the ALJ supportably rejected the opinions of Drs. Huszonek and Como-Kepler and relied on those of Drs. Stahl and Houston, distinguishing this case from *Priest* and *Plourde* and undermining the plaintiff's bid for remand of this case.

### A. Discounting of Huszonek and Como-Kepler Opinions

On October 23, 2019, Dr. Huszonek, the plaintiff's treating psychiatrist since July 2018, wrote a "statement about [the plaintiff's] ability to perform work related activities given his

4

physical and psychiatric limitations." Record at 497.  He noted that the plaintiff had "indicated that he had been unable to work at his usual job for about [two] years due to irritability, pain, mood fluctuations, decreased ability to focus his attention[,] and interpersonal conflict" and that, upon evaluation, "it seemed reasonably clear" that the plaintiff had been "suffering from seemingly untreated Bipolar II disorder with significant anxiety and mood fluctuations[,]" had been "experiencing severe chronic and sometimes acute orthopedic and other pain" that had "not been definitively treated[,]" and had resorted to "chronic self-medication for both of these conditions with alcohol[,]" from which he had been abstinent following a medical crisis the prior year.  *Id*.

Dr. Huszonek observed that "the combination of more psychotherapy and continued medication has been gradually helping some of [the plaintiff's] anxiety, depression and mood fluctuations, but chronic and sometimes more acute pain remain."  *Id.* at 498.  He added that the plaintiff's "overall condition[,] while improved[,] is still somewhat tenuous, but he is motivated to continue treatment."  *Id.*  Finally, he explained that, in his opinion, the plaintiff was "not likely to ever be able to perform full time (or even part time) high-pressure corporate business work he had done for 15 years[,]" and "even a lower pressure job would be too stressful psychologically and physically."  *Id.*

On the same date, Dr. Huszonek also completed a Medical Assessment of Ability to Do Work-Related Activities (Mental) form in which he indicated, *inter alia*, that the plaintiff would have "some trouble" remembering and carrying out even simple instructions "if stressed[,]" could not respond appropriately to supervision, coworkers, and usual work situations or deal with changes in a routine setting, and would be off-task at least 15 percent of the time during a 40-hour workweek due to mental and/or physical impairments.  *Id*. at 500.

Dr. Como-Kepler submitted a letter dated October 24, 2019, in which she noted that the plaintiff had been her psychotherapy client since June 15, 2019, had complained "about chronic pain in most of his body which has contributed [to] and exacerbated feelings of depression and anxiety[,]" and had "a long history of experiencing chronic fatigue, inability to concentrate, anhedonia, depressed mood most of the day, diminished interest or pleasure in most activities, weight loss, [and] hypersomnia mixed with insomnia." *Id*. at 501. She concluded, "[b]ecause of the above symptoms it has been difficult for [the plaintiff] to work or to be involved with any meaningful employment as he cannot concentrate, is fatigued most of the day and has diminished ability to think or concentrate and make decisions." *Id*.

The ALJ addressed both the Huszonek and Como-Kepler opinions, correctly observing that significant portions did not qualify as "medical opinions" and, hence, could not be considered, and otherwise properly focusing on the two most important of the five factors relevant to the assessment of "medical opinions": supportability and consistency. *Id*. at 26; 20 C.F.R. § 404.1520b(c)(3)(i) (commissioner "will not provide any analysis" concerning statements that are "inherently neither valuable nor persuasive[,]" which include "[s]tatements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work"); *id.* § 404.1520c(b)(2) (ALJ not required to explain consideration of factors apart from the two most important ones, supportability and consistency).[3]

She explained that Dr. Huszonek's "conclusory statement that the [plaintiff] remains 'totally disabled' is not medical opinion evidence under the current rules" and that his opinion "on

---

[3] With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). With respect to consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 404.1520c(c)(2).

the type of work that the [plaintiff] could perform" was "an issue reserved for the Commissioner[,]" as a result of which neither had "been considered." Record at 26. She deemed "[t]he remainder of his statements . . . not persuasive longitudinally" because they appeared "to rely heavily on the [plaintiff's] subjective reports, such as the [plaintiff]'s own discussion of his activities of daily living[,]" did "not set forth any objective support for the restrictions included," and in some respects were "inconsistent with his own treatment notes"; for example, "objective findings [that] did not show much other than mood issues[,]" the plaintiff's "report of feeling 'much better,' and describing his self-reported bipolar disorder as under control[,]" and treatment records indicating "that the [plaintiff's] reported 'memory issues' resolved." *Id.*

She deemed Dr. Como-Kepler's opinion "not persuasive longitudinally because it recites the [plaintiff]'s subjective reports of his symptoms and concludes that as a result of these symptoms the [plaintiff] cannot work or be involved in any meaningful employment" and "does not provide an assessment of the [plaintiff]'s vocational functioning[.]" *Id*. She reiterated that "statements that a [plaintiff] cannot work are not medical opinions under the current rules applicable here." *Id*.

The plaintiff asserts that the ALJ erred in discounting the Huszonek opinion when she ignored the fact that it was based on "extensive treatment, . . . not mere recitation of symptoms[,]" and wrongly characterized Dr. Huszonek's statement that the plaintiff could not perform his former high-stress, complex work, or even a lower-pressure job, as an issue reserved to the commissioner. Statement of Errors at 6. He adds that the ALJ erred in discounting the Como-Kepler opinion when she ignored the fact that it was based not only on his recitation of symptoms but also Dr. Como-Kepler's treatment of him and ignored Dr. Como-Kepler's indication of a problem with concentration that was relevant to whether he had a severe mental impairment. *See id.*

7

Nevertheless, the ALJ properly characterized portions of the Huszonek and Como-Kepler opinions as trenching on issues reserved to the commissioner and declined to consider them on that basis. She correctly categorized Dr. Huszonek's statement that the plaintiff was unlikely to be able to perform his former high-stress, complex work, or even a lower-pressure job, *see* Record at 498, as touching on an issue reserved to the commissioner: namely, whether the plaintiff retained the capacity to work. When, as here, "a treating provider does not translate a claimant's 'difficulties' into specific limitations, the provider has not offered an opinion for an ALJ to consider." *Shatema B. v. Saul*, No. 1:19-cv-00566-NT, 2020 WL 4383802, at *3 (D. Me. July 31, 2020) (rec. dec., *aff'd* Aug 17, 2020).

The ALJ did not ignore the fact that the remaining opinions expressed by Drs. Huszonek and Como-Kepler were based on their treatment of the plaintiff: she acknowledged that both were treating sources. *See* Record at 26. However, she properly discounted those opinions to the extent premised on the plaintiff's subjective statements and, in the case of Dr. Huszonek, inconsistent with his own treatment notes. *See, e.g.*, *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (ALJ properly gave treating physicians' opinions less weight when he "reasonably concluded that they relied excessively on claimant's subjective complaints, rather than on objective medical findings"); *M. Jeanie D. v. Saul*, No. 2:19-cv-00193-GZS, 2020 WL 1672784, at *4-5 (D. Me. Apr. 6, 2020) (rec dec., *aff'd* June 4, 2020) (ALJ reasonably characterized an opinion as based heavily on the plaintiff's complaints, which was a valid reason to assign it less weight); *Bailey v. Colvin*, No. 2:13-cv-57-GZS, 2014 WL 334480, at *3 (D. Me. Jan. 29, 2014) (that an opinion appears to be based primarily on a claimant's subjective allegations or is inconsistent with the provider's own treatment notes "are "well-recognized bases in Social Security law for rejection of a treating physician's conclusions").

That the ALJ did not expressly mention Dr. Como-Kepler's statement that the plaintiff had diminished ability to concentrate is of no moment. The ALJ supportably discounted the opinion overall – including its reference to difficulty concentrating – as stemming from the plaintiff's reported symptoms and providing general observations on the plaintiff's ability to work rather than precise limitations. *See* Record at 26, 501.[4]

### B.  Reliance on Stahl and Houston Opinions, Raw Medical Evidence

The plaintiff next contends that the ALJ's finding that he had no severe mental impairment is unsupported by any medical opinion, pointing out that neither Dr. Stahl nor Dr. Houston had the benefit of review of the Huszonek or Como-Kepler opinions or Dr. Como-Kepler's treatment notes. *See* Statement of Errors at 7. He posits that the ALJ filled that void by impermissibly interpreting raw medical evidence. *See id*. at 8. These points are without merit.

The ALJ relied in part on the opinions of Drs. Stahl and Houston to find the plaintiff's mental impairments nonsevere. *See* Record at 25. She noted that, on initial review on January 25, 2019, Dr. Stahl had "opined that the [plaintiff]'s medical records supported assessments of depression and anxiety, but that these conditions improved with both medication compliance and sobriety[,]" as a result of which the plaintiff's mental impairments were nonsevere, and on reconsideration on March 27, 2019, Dr. Houston agreed. *Id*. She deemed both opinions largely "persuasive as they are generally consistent with the objective record as a whole," noting that, "[i]n support of the [plaintiff]'s improvement with sobriety, Dr. Houston cited normal mental status exams from the updated evidence of record[,]" and "a finding of nonsevere mental impairments is

---

[4] For these reasons, the plaintiff's further assertion that the ALJ should have adopted the Huszonek and Como-Kepler opinions pursuant to the five factors relevant to the analysis of medical opinions, supportability, consistency, relationship with the claimant, specialization, and other factors, *see* Statement of Errors at 7; 20 C.F.R. § 404.1520c(c), amounts to an unavailing invitation to the court to reweigh the evidence.

9

consistent with much of the objective medical evidence showing normal psychiatric findings and the [plaintiff]'s own subjective reporting of improvement." *Id*. (citations omitted).  Lastly, she explained that, although "the [plaintiff] had an alcohol use disorder that was 'severe' under this agency's rules, the record shows it primarily affected [his] physical functioning[,]" and there was "no evidence to show it affected [his] mental functioning for the required duration during the period at issue[.]" *Id.*

The ALJ concluded, "[w]hile the [plaintiff] experiences some limitations from his impairments, [his] condition improved after he was acutely ill in the fall of 2018" and, as a result, "the record as a whole does not support a finding of disability in this case." *Id.* at 27.

The plaintiff suggests that because Drs. Stahl and Houston did not have the benefit of review of the Huszonek and Como-Kepler opinions or Dr. Como-Kepler's notes, the ALJ's reliance on their finding that he had no severe mental impairment was misplaced.  *See* Statement of Errors at 7.  Yet, "[f]actors to be considered" in determining whether an ALJ permissibly relied on the opinion of an agency nonexamining consultant "include the completeness of the consultant's review of the full record and whether portions of the record unseen by the consultant reflect material change or are merely cumulative or consistent with the preexisting record and/or contain evidence supportably dismissed or minimized by the administrative law judge." *Nicole A. O. v. Saul*, No. 2:20-cv-00238-GZS, 2021 WL 2411225, at *4 (D. Me. June 13, 2021) (rec. dec., *aff'd* June 29, 2021) (citation and internal quotation marks omitted).

First, as discussed above, the ALJ supportably rejected the Huszonek and Como-Kepler opinions, and the plaintiff does not explain how anything in the Como-Kepler notes differed materially from notes seen by Drs. Stahl and Houston.  Second, the ALJ did not interpret raw medical evidence to assess mental limitations.  She assessed no such limitations at all.  *See* Finding

5, Record at 21. Third, and finally, *Priest* and *Plourde* do not tip the scales in favor of remand. In *Priest*, remand was required when the ALJ assessed no mental limitations, rejecting "the uniform professional opinions to the contrary" of two agency nonexamining consultants and a treating professional that the claimant suffered from a severe mental impairment. *Priest*, 2016 WL 7335583, at *3. In this case, by contrast, the ALJ supportably adopted the assessments of two agency nonexamining consultants that the plaintiff had no severe mental impairment and rejected those of two treating sources that he had disabling mental limitations. In *Plourde*, remand was required when the ALJ found a claimant's mental impairments nonsevere, relying on the opinions of agency nonexamining consultants who had not seen later evidence reflecting a suicide attempt and an inpatient psychiatric hospitalization and rejecting the only opinion issued in the wake of those events, that of a treating source that the claimant had marked limitations. *See Plourde*, 2013 WL 1345519, at *1, 3-5. In this case, as discussed above, the plaintiff has not shown that any evidence unseen by Drs. Stahl and Houston was material.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 8th day of December, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge